UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06-CR-22 CEJ |
| | ) | |
| SEAN PATRICK FONDREN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Sean Patrick Fondren to reduce sentence pursuant to 18 U.S.C. § 3582(c) and his alternative motion for re-sentencing under 28 U.S.C. § 2255. The United States has filed a response, agreeing that the defendant is entitled to a sentence reduction.

Fondren pled guilty to possession of more than 5 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Because of the drug quantity, the statutory penalty mandated a sentence of imprisonment not less than 5 years and not more than 40 years. See 21 U.S.C. § 841(b)(1)(B)(iii). At sentencing, the Court determined that Fondren's criminal history category was VI based on the criminal history points assessed for his prior convictions. Fondren's criminal history included a felony conviction for a controlled substance offense and for tampering first degree, which was at that time considered a crime of violence within the meaning of U.S.S.G. § 4B1.2(a).[1] See United States v. Johnson, 417 F.3d 990, 997 (8th Cir. 2005). Therefore, he was classified as a career offender under

---

[1] Unless otherwise indicated, all references are to the 2005 edition of the United States Sentencing Guidelines Manual.

U.S.S.G. § 4B1.1(a). The effect of this classification was to increase Fondren's base offense level from 26 to 34. See U.S.S.G. § 4B1.1(b)(B). After adjustments, his total offense level was 29, resulting in a guideline imprisonment range of 188-235 months. On June 30, 2006, Fondren was sentenced to a term of imprisonment of 120 months.[2]

Effective November 1, 2007, the United States Sentencing Commission adopted Amendment 706, which lowered the base offense level for certain cocaine base offenses. Amendment 706 was added to the list of amendments described in U.S.S.G. Section 1B1.10 (c)---as revised on December 11, 2007---that could be applied retroactively. The reduced base offense levels for cocaine base crimes under U.S.S.G. Section 2D1.1 became retroactively effective March 3, 2008. The effect of the Amendment 706 was to lower the base offense levels by two levels. Thus, based solely on Amendment 706, the guideline range in this case would be 92-115 months.

After the Supreme Court's decision in Begay v. United States, ___U.S.___, 128 S. Ct. 1581, 170 L.Ed.2d 490 (2008), Fondren filed the instant motion for re-sentencing, arguing that his tampering first degree conviction was not a "crime of violence" for purposes of the career offender designation. While his motion was pending, the Eighth Circuit Court of Appeals ruled that automobile tampering is not a crime of violence. United States v. Williams, 537 F.3d 969, 975 (8th Cir. 2008). This Court and other district courts have determined that Begay and Williams apply retroactively.

_____

[2]The sentence imposed represented a variance from the advisory guideline range.

In determining whether to reduce a sentence under the circumstances present here (*i.e.*, the establishment of a lowered sentencing range by the Sentencing Commission), the Court must consider "the factors set forth in section 3553(a) to the extent they are applicable" and whether the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). After considering the relevant factors set forth in 18 U.S.C. § 3553 (a) and reviewing the presentencing report and the transcript of the sentencing hearing, the Court concludes that the Fondren's sentence of imprisonment should be reduced based on Amendment 706.

Further, Fondren is entitled to additional relief based on <u>Begay</u> and <u>Williams</u>. Although the sentence imposed represented a variance from the guideline range of 188-235 months, Fondren's status as a career offender was a factor that was taken into account in determining the sentence. But for the erroneous classification of tampering as a crime of violence, Fondren would not have been designated a career offender. After factoring in the Amendment 706 reduction, Fondren's total offense level would have been 21, resulting in an advisory guideline range of 77-96 months' imprisonment. Given the significant difference between the original range and the sentence imposed, the Court believes that failure to apply <u>Begay</u> and <u>Williams</u> retroactively in this case would result in a miscarriage of justice.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for resentencing [Docs. # 34 ] filed by defendant Sean Patrick Fondren is **granted**.

**IT IS FURTHER ORDERED** that the defendant's alternative motion for resentencing under 28 U.S.C. § 2255 [Doc. #39] is **granted**.

**IT IS FURTHER ORDERED** that the defendant's sentence of imprisonment is reduced to 77 months, pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 2255.

An amended judgment will be filed with this Memorandum and Order.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of October, 2009.